*E-FILED: May 1, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARAM VARDANYAN, | No. C12-05645 HRL |
| Plaintiff, | **ORDER (1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND (2) SETTING BRIEFING AND HEARING RE MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| ANTHONY MOROYAN, an individual; ALPHA VENTURES, L.L.C.,; and DOES 1 through 50, inclusive, | |
| | **[Re: Docket No. 33]** |
| Defendants. | |

Plaintiff Aram Vardanyan filed the instant suit, alleging that Anthony Moroyan, Chief Executive Officer of Viasphere International, Inc. (Viasphere) orchestrated the devaluation of Vardanyan's stock in Viasphere, ultimately resulting in his removal from the company's Board of Directors. Vardanyan now moves on an ex parte basis for a temporary restraining order (TRO),[1] or for a preliminary injunction, prohibiting Viasphere from issuing any new stock while this litigation is pending, or, at least until a motion for preliminary injunction can be heard.

To obtain preliminary injunctive relief, a plaintiff generally must show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

---

[1] Vardanyan apparently intended to file the instant motion on this docket, but mistakenly filed it as Docket No. 69 in a related action, *Viasphere International, Inc. v. Vardanyan*, C12-01536 HRL. The court will terminate the motion on the C12-01536 docket and have it re-filed in this one.

1  preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the
2  public interest. <u>Winter v. Natural Res. Def. Council</u>, 555 U.S. 7, 24-25 (2008); accord
3  <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009). As a corollary to this test, the
4  Ninth Circuit has held that an injunction may also be appropriate where the plaintiff raises
5  "serious questions going to the merits" and demonstrates "a hardship balance that tips sharply
6  toward the plaintiff . . . assuming the other two elements of the <u>Winter</u> test are also met."
7  <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1132 (9th Cir. 2011). To succeed on
8  its motion for a temporary restraining order, Vardanyan must satisfy all four elements of the
9  <u>Winter</u> test.

10  Vardanyan says that a TRO is necessary because Viasphere's annual shareholder
11  meeting will be held on May 19, 2013, and one of the agenda items is the "discussion and
12  resolution regarding the Company's next series of preferred stock." (Mot. at 3). Plaintiff posits
13  that defendants "intend[] to further defraud [him] during its upcoming shareholder meeting"
14  (Mot. at 9); and, he claims that the apparently planned issuance of another series of preferred
15  stock will only further diminish the value of his stock in the company. Vardanyan says he has a
16  reasonable probability of success on the merits because, in a reportedly parallel proceeding, an
17  Armenian court has seen fit to enjoin Moroyan "from using his share in Viasphere International
18  with the purpose of reducing the share of Vardanyan in any manner." (Mot. at 6). However,
19  Vardanyan has not supported his motion for TRO with any declarations. He relies almost
20  exclusively upon the allegations of his unverified complaint, which was filed six months ago.
21  None of the other documents appended to his motion have been properly authenticated. And,
22  by his own account, the Armenian court reached its decision only after having been presented
23  with evidence of defendants' alleged wrongdoing. (Mot. at 6). On the record presented, the
24  court finds that Vardanyan has not made a sufficient showing on any of the <u>Winter</u> elements.[2]

25  Accordingly, Vardanyan's ex parte motion for a TRO is denied. Plaintiff's request for a
26  preliminary injunction is set for hearing on **June 11, 2013, 10:00 a.m.** Plaintiff's opening

27
28      [2] Vardanyan says that courts in this district have granted TROs on facts analogous to this case in *Fidelity National Title Insurance Company v. Castle* and *Kremen v. Cohen*. He did not, however, provide a case citation or even a corresponding case number.

2

motion shall be filed no later than **May 7, 2013**. Defendants' opposition is due by **May 21, 2013**. Vardanyan's reply shall be filed no later than **May 28, 2013**.

SO ORDERED.

Dated: May 1, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:12-cv-05645-HRL Notice has been electronically mailed to:

2  Ara Aroustamian    ara@lawaa.com

3  Helene Anastasia Simvoulakis    hsimvoulakis@pahl-mccay.com, ssamayoa@pahl-mccay.com

4  Stephen Donald Pahl    spahl@pahl-mccay.com, tmeek@pahl-mccay.com

5  Varand Vartanian    Varand@lawaa.com