**United States District Court**
For the Northern District of California

1

2                                                          *E-FILED:  May 1, 2013*

3

4

5

6

7                                    NOT FOR CITATION

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

11   ARAM VARDANYAN,                          No. C12-05645 HRL

12              Plaintiff,                    **ORDER (1) DENYING MOTION FOR**
                                             **TEMPORARY RESTRAINING ORDER;**
13     v.                                     **AND (2) SETTING BRIEFING AND**
                                             **HEARING RE MOTION FOR**
14   ANTHONY MOROYAN, an individual;          **PRELIMINARY INJUNCTION**
     ALPHA VENTURES, L.L.C.,; and DOES 1
15   through 50, inclusive,                   **[Re: Docket No. 33]**

16              Defendants.
     _____/

17

18         Plaintiff Aram Vardanyan filed the instant suit, alleging that Anthony Moroyan, Chief

19   Executive Officer of Viasphere International, Inc. (Viasphere) orchestrated the devaluation of

20   Vardanyan's stock in Viasphere, ultimately resulting in his removal from the company's Board

21   of Directors.  Vardanyan now moves on an ex parte basis for a temporary restraining order

22   (TRO),[1] or for a preliminary injunction, prohibiting Viasphere from issuing any new stock

23   while this litigation is pending, or, at least until a motion for preliminary injunction can be

24   heard.

25         To obtain preliminary injunctive relief, a plaintiff generally must show that (1) he is

26   likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

27

28   _____
          [1]      Vardanyan apparently intended to file the instant motion on this docket, but
     mistakenly filed it as Docket No. 69 in a related action, *Viasphere International, Inc. v.*
     *Vardanyan*, C12-01536 HRL.  The court will terminate the motion on the C12-01536 docket
     and have it re-filed in this one.

United States District Court

For the Northern District of California

1   preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the

2   public interest.  Winter v. Natural Res. Def. Council, 555 U.S. 7, 24-25 (2008); accord

3   Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).  As a corollary to this test, the

4   Ninth Circuit has held that an injunction may also be appropriate where the plaintiff raises

5   "serious questions going to the merits" and demonstrates "a hardship balance that tips sharply

6   toward the plaintiff . . . assuming the other two elements of the Winter test are also met."

7   Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011).  To succeed on

8   its motion for a temporary restraining order, Vardanyan must satisfy all four elements of the

9   Winter test.

10      Vardanyan says that a TRO is necessary because Viasphere's annual shareholder

11  meeting will be held on May 19, 2013, and one of the agenda items is the "discussion and

12  resolution regarding the Company's next series of preferred stock."  (Mot. at 3).  Plaintiff posits

13  that defendants "intend[] to further defraud [him] during its upcoming shareholder meeting"

14  (Mot. at 9); and, he claims that the apparently planned issuance of another series of preferred

15  stock will only further diminish the value of his stock in the company.  Vardanyan says he has a

16  reasonable probability of success on the merits because, in a reportedly parallel proceeding, an

17  Armenian court has seen fit to enjoin Moroyan "from using his share in Viasphere International

18  with the purpose of reducing the share of Vardanyan in any manner."  (Mot. at 6).  However,

19  Vardanyan has not supported his motion for TRO with any declarations.  He relies almost

20  exclusively upon the allegations of his unverified complaint, which was filed six months ago.

21  None of the other documents appended to his motion have been properly authenticated.  And,

22  by his own account, the Armenian court reached its decision only after having been presented

23  with evidence of defendants' alleged wrongdoing.  (Mot. at 6).  On the record presented, the

24  court finds that Vardanyan has not made a sufficient showing on any of the Winter elements.[2]

25      Accordingly, Vardanyan's ex parte motion for a TRO is denied.  Plaintiff's request for a

26  preliminary injunction is set for hearing on **June 11, 2013, 10:00 a.m.**  Plaintiff's opening

27

28      [2]   Vardanyan says that courts in this district have granted TROs on facts
analogous to this case in *Fidelity National Title Insurance Company v. Castle* and *Kremen v. Cohen*.  He did not, however, provide a case citation or even a corresponding case number.

1    motion shall be filed no later than **May 7, 2013**.  Defendants' opposition is due by **May 21,**

2    **2013**.  Vardanyan's reply shall be filed no later than **May 28, 2013**.

3            SO ORDERED.

4    Dated: May 1, 2013

5                                                    _____

6                                                    HOWARD R. LLOYD
                                                     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1    5:12-cv-05645-HRL Notice has been electronically mailed to:

2    Ara Aroustamian     ara@lawaa.com

3    Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com, ssamayoa@pahl-mccay.com

4    Stephen Donald Pahl     spahl@pahl-mccay.com, tmeek@pahl-mccay.com

5    Varand Vartanian     Varand@lawaa.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California