UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARAM VARDANYAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY MOROYAN, an individual;<br>ALPHA VENTURES, L.L.C.,<br><br>　　　　Defendants. | Case No.   5:12-cv-05645 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Re: Dkt. No. 38] |

　　　Plaintiff Aram Vardanyan filed the instant suit, alleging that Anthony Moroyan, Chief Executive Officer of Viasphere International, Inc. (Viasphere) orchestrated the devaluation of Vardanyan's stock in Viasphere, ultimately resulting in his removal from the company's Board of Directors. Vardanyan moved for a temporary restraining order (TRO), or for a preliminary injunction, prohibiting Viasphere from issuing any new stock while this litigation is pending. The court denied the motion for TRO and set the matter for a hearing on plaintiff's request for a preliminary injunction. After the matter was heard[1] and deemed submitted, defendants filed supplemental opposition papers, and plaintiff then filed a supplemental reply. These filings were made without leave of court and in violation of Civil Local Rule 7-3(d). The court nevertheless

---

[1] As discussed at the motion hearing, plaintiff's second motion for TRO (Dkt. 35), which essentially is an improper motion for reconsideration (Civ. L.R. 7-9), is denied.

has considered them.[2]  Upon consideration of the moving and responding papers,[3] as well as the arguments of counsel, the court denies the motion.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).  To obtain a preliminary injunction, Vardanyan must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20.  In each case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Id. at 24 (citing Amoco Prod. Co. v. Village of Gambell, Alaska, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)).  Courts are "not mechanically obligated to grant an injunction for every violation of law," Weinberger v. Romero-Barcelo, 456 U.S. 305, 312-13, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982), and "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24 (citing Weinberger, 456 U.S. at 313).

On the record presented, plaintiff has not shown a likelihood of success on the merits.  The original motion was based on an admittedly erroneous premise, i.e., that plaintiff owned 47% of Viasphere's stock.  Even putting aside the evidentiary problems highlighted by defendants, at most plaintiff has shown that between December 2010 and December 2011, his ownership interest decreased from 28% to 17%, whereas in previous years he says that his interest fluctuated only 1%.  (Vardanyan Reply Decl. ¶¶ 10, Ex. C).  He goes on to assert that Moroyan was involved in a lot of business ventures; Moroyan has used different names; Viasphere changed its name several

---

[2] The parties are warned that they may be sanctioned for future noncompliance with the court's rules.

[3] Both sides point to decisions by an Armenian court issued in reportedly parallel proceedings involving Vardanyan, Moroyan, and the Viasphere Technopark.  Those decisions are based on Armenian law; and, as is evident from the parties' arguments, the import of the Armenian court's findings vis-à-vis the instant action is the subject of considerable dispute.  Those orders therefore are not appropriate subjects for judicial notice under Fed. R. Evid. 201.

times; the Technopark had two consulting agreements with two separate companies owned by Moroyan; and the Technopark-Alpha Ventures consulting fee nearly quadrupled, with no apparent explanation. For his part, Moroyan avers that for the past 27 years, he has been involved with the consultation, start-up, and incubation of numerous businesses and offers an explanation why he legally changed his birth name after becoming a naturalized U.S. citizen (Moroyan Decl. ¶¶ 31-32; Request for Judicial Notice, Ex. A). Defendants explain Viasphere's corporate history, claiming that there is nothing unseemly or dishonest about it. (Sumner Decl. ¶¶ 4-12, Exs. A-E). They also assert that new directors were issued shares of common stock through typical options or grants, which generally vested over several years, during which time the individuals are required to provide services or resources to Viasphere; the company's bylaws provide for annual election of the Board's members and that Vardanyan simply did not obtain enough votes for re-election; and that the Alpha Ventures agreements and fees were expressly approved by Viasphere's Board of Directors, including Vardanyan. (Sumner Decl. ¶¶ 13-14, 36, 53-54, Ex. G, ¶ 3.3; Ex. H, p. 12; Moroyan Decl. ¶¶ 19-29, Exs. C-H). On the record presented, plaintiff's assertions require leaps of logic without a clear path to the conclusions he would like this court to draw---namely, that defendants engaged in a systematic effort to devalue his shares and that Moroyan engaged in illegal activities and has a propensity to divert or conceal corporate funds.

For the same reasons, the court finds that Vardanyan has not established that he will suffer irreparable injury. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Carribean Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) (quoting Goldie's Bookstore, Inc. v. Super. Ct., 739 F.2d 466, 472 (9th Cir.1984)). Even if the court were to accept the possibility that plaintiff could be harmed through the continued issuance of shares, the mere possibility of irreparable injury would not satisfy his heavy burden on a preliminary injunction. Winter, 555 U.S. at 22. Moreover, plaintiff has not convincingly demonstrated that a money judgment would not suffice to compensate any alleged harm. See generally Sampson v. Murray, 415 U.S. 61, 90, 94 S. Ct. 937, 39 L.Ed.2d 166 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later

3

1  date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").

2  In light of plaintiff's failure to establish a likelihood of success on the merits and of
3  irreparable harm, the court cannot find on this record that the balance of equities or the public
4  interest tip in his favor.  Plaintiff has not convincingly demonstrated that the public interest is not
5  meaningfully implicated by this dispute.  Moreover, defendants have submitted some evidence
6  indicating that Viasphere relies upon the ability to issue stock to raise capital for its financing.
7  (Sumner Decl. ¶¶ 47-50).

8  In sum, plaintiff has not made a sufficient showing on any of the <u>Winter</u> elements, and his
9  motion for a preliminary injunction is denied.

10  **SO ORDERED**.

11  Dated:   March 17, 2014

12  
13  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

4

5:12-cv-05645-HRL Notice has been electronically mailed to:

Ara Aroustamian     ara@lawaa.com

Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com, ssamayoa@pahl-mccay.com

Kevin John Murphy     kmurphy@adrservices.org

Stephen Donald Pahl     spahl@pahl-mccay.com, manaya@pahl-mccay.com, sshah@pahl-mccay.com, tmeek@pahl-mccay.com

Varand Vartanian     Varand@lawaa.com

5